**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRYAN BREY,

     Plaintiff,

v.

M&I BANK, <u>et al.</u>,

     Defendants.

Case No. 2:09-CV-02417-KJD-RJJ

<u>**ORDER**</u>

Currently pending before the Court is Defendants' Motion to Dismiss (#7).  Plaintiff filed a Response in Opposition and Countermotion for Leave to Amend (##17, 18), to which Defendants filed a Reply/Response (#21).  The Court has considered both the Motion to Dismiss (#7) and the Countermotion to Amend (##17,18) and issues its ruling together herein.

**I. Background**

In 2002, Plaintiff purchased real property in Red Rock Country Club, located at 2245 Green Mountain Court, Las Vegas, Nevada (Assessors Parcel No. 164-02-313-019) for approximately $600,000.  The purchase was initially financed with an adjustable interest loan through another lender, with the first five years of the loan bearing a fixed interest rate.  In 2007, Plaintiff sought a new loan through Southern Fidelity Mortgage, LLC ("SFM") with the represented intention of paying off the prior loan and obtaining additional funds to remodel his residence.

1    Plaintiff borrowed $1,280,000 from M&I, which funded the loan and paid off the prior loan

2    in its entirety.  M&I's deed of trust was recorded on September 4, 2007.[1]  Plaintiff defaulted on the

3    loan with M&I by failing to make his monthly payments.  According to the pleadings, Plaintiff has

4    not made a payment to M&I for more than a year.

5    M&I initiated foreclosure proceedings against Plaintiff in 2008.  Through its foreclosure

6    trustee at the time, the Cooper Castle Law Firm LLP ("Cooper Castle") M&I recorded and served a

7    notice of breach and election to sell on August 1, 2008.  When Plaintiff failed to rectify the breach, a

8    notice of trustee's sale was recorded and served on November 12, 2008.

9    On July 7, 2009, M&I substituted Nevada Title as trustee in place of Cooper Castle.  On July

10   10, 2009, Nevada Title served and recorded a formal substitution and a new notice of breach and

11   election to sell.  After Plaintiff failed to request foreclosure mediation, Nevada Title served and

12   recorded a new notice of trustee's sale on December 8, 2009.  The subject property was then sold at a

13   trustee's sale on December 23, 2009.

14   To prevent the then-impending foreclosure, Plaintiff filed a state court action alleging claims

15   for negligence, fraud and misrepresentation, breach of contract, breach of the covenant of good faith

16   and fair dealing, civil conspiracy, quiet title, rescission, and injunctive relief.  Plaintiff alleged that

17   his claims arose, in part, under Federal law, and that M&I failed to make disclosures required by

18   several federal statutes, including RESPA. On December 18, 2008, M&I Bank filed a Petition for

19   Removal Pursuant to 28 USC §1441, et seq.  The case was assigned Case No. 2:08-CV-01789-JCM-

20   RJJ.  On January 5, 2009, Plaintiff filed a motion for remand, disclaiming any causes of action

21   arising under federal law.  Upon Plaintiff's admission, the case was remanded to state court on or

22   about March 17, 2009, for lack of subject matter jurisdiction.  After remand, a motion to dismiss was

23   filed, and Plaintiff requested leave to amend the complaint.  Plaintiff was granted leave to amend and

24   filed his first amended complaint on June 29, 2009.  The first amended complaint again named M&I

25   _____

26   [1]Contemporaneously with their Motion to Dismiss, Defendants have filed a Request for Judicial Notice, including pleadings from Plaintiff's state court action.

2

1   and other defendants involved in the mortgage transaction and again asserted causes of action for

2   negligence, breach of contract, breach of the covenant of good faith and fair dealing, civil conspiracy,

3   quiet title, rescission and injunctive relief.  Again, Plaintiff claimed that M&I failed to follow federal

4   statutes concerning loan documentation and disclosures.  On September 9, 2009, Plaintiff filed a

5   second motion to amend his complaint.  The proposed second amended complaint only named two

6   defendants, M&I and Nevada Title, and asserted causes of action for breach of contract, fraud and

7   misrepresentation, civil conspiracy, rescission, wrongful foreclosure, quiet title and injunctive relief

8   based on RESPA.  On November 10, 2009, the state court denied plaintiff leave to file his second

9   amended complaint and granted M&I's motion to dismiss.  The state court dismissed Plaintiffs

10  complaint, with prejudice, for failing to state a claim upon which relief could be granted.  It also

11  denied Plaintiff's motion for leave to amend his complaint for the second time on the grounds that

12  his proposed amendment failed to remedy the defects in his first amended complaint, and failed to

13  properly state any new claims.

14      In connection with its order of dismissal and denial of Plaintiff's motion for leave to file a

15  second amended complaint, the court examined and ruled on the sufficiency of each and every cause

16  of action set forth in his proposed second amended complaint.  The court also noted that Plaintiff was

17  estopped from bringing any claim under RESPA—or any other federal cause of action—based on his

18  prior representation that remand of his action from Federal Court was necessary because Plaintiff had

19  asserted that "no federal claims or questions of law would be alleged."  Final judgment in favor of

20  M&I Bank was entered on December 24, 2009, awarding M&I the sum of $3,093.40 in allowable

21  costs.  Notice of entry of judgment was filed and served on January 7, 2010.

22      Plaintiff filed his Complaint and recorded a lis pendens in the instant action on December 23,

23  2009—just days before the scheduled trustee's sale.  The Complaint in this action is virtually

24  identical to the proposed second amended complaint that was denied by the state court, alleging the

25  same causes of action brought in the prior state court proceeding, and which were deemed

26  insufficient by this Court pursuant to jurisdictional issues.

3

1    Defendants' Motion to Dismiss (#7) is brought pursuant to Rule 12(b)(6) for failure to state a
2   claim upon which relief may be granted.  Specifically, Defendants argue claim preclusion, averring
3   that Plaintiff's Complaint in this action arises from the same nucleus of facts that were previously
4   litigated and denied in the state court action.  Plaintiff, in opposition, filed a combined Response, and
5   Motion to Amend Complaint (##17, 18).  Rather than addressing the issue of claim preclusion
6   squarely, however Plaintiff argues that his Proposed Amended Complaint raises new claims and
7   involves new parties.  Specifically, Plaintiff avers that Nevada Title is a new party, that in the prior
8   action, his property had not yet been sold and that now he brings both a claim for wrongful
9   foreclosure, and various federal causes of action not previously litigated.[2]

10  **II. Legal Standard**

11    Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure
12  to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short
13  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
14  8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require
15  detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation
16  of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan
17  v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the
18  speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint
19  must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal,
20  129 S. Ct. at 1949 (internal citation omitted).

21    In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to
22  apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual
23  allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

24

25    [2]Plaintiff's Proposed Amended Complaint brings claims arising under the Fair Debt Collection Practices Act
26  ("FDCPA"), the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and Home
    Ownership and Equity Protection Act ("HOEPA").

1   Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

2   statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual

3   allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially

4   plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable

5   inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint

6   does not permit the court to infer more than the mere possibility of misconduct, the complaint has

7   "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks

8   omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

9   plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

10  **III. Analysis**

11      The Court finds that Plaintiff's Complaint is barred by the doctrine of res judicata or claim

12  preclusion.   Federal courts must give state court judgments "the same preclusive effect as would be

13  given . . . under the law of the State in which the judgment was rendered."  Migra v. Warren City

14  Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  In determining whether claim preclusion applies,

15  the Nevada Supreme Court utilizes a three factor test which requires that: "(1) the parties or their

16  privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the

17  same claims or any part of them that were or could have been brought in the first case."  Five Star

18  Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008).

19      **A. Parties**

20      Here, Brey avers that the "parties are not the same in this Complaint as in the state court

21  complaint [because] Nevada Title Company is a new party."  (#18 at 6.)  The Court does not agree.

22  Among other parties, Plaintiff's state court action was brought against the trustee of the subject

23  property, at that time, Cooper Castle.  As stated above, Nevada Title was substituted as foreclosure

24  trustee in place of Cooper Castle, on or about July 10, 2009.  Accordingly, the interests of Nevada

25  Title are completely identical to those of Cooper Castle and it is considered to be a party in privity

26  for purposes of claim preclusion.  See Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1053

(9th Cir. 2005) (stating that "privity is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved")(internal citations omitted.))  Accordingly, the addition of Nevada Title to the instant action does not prevent claim preclusion.

**B. Final Judgment Valid**

Plaintiff does not dispute the validity of the final judgment in the state court action.

**C.  Same Claims**

Defendants aver that all of Brey's current claims were brought in his earlier suit or arise out of the same facts as his earlier suit.  Brey argues that the claims in the instant suit cannot be the same because, at the time of the prior state court action, his residence had not yet been sold at auction. Plaintiff is incorrect.  The Ninth Circuit examines four factors in determining claim preclusion: "(1) whether rights or interests established by the prior judgment would be destroyed or impaired [by] prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."  Siegel v. Federal Home Loan Mortgage Corp., 143 F.3d 525, 529 (9th Cir. 1998).   The most important factor of this examination is whether the subsequent action arises out of the same transactional nucleus of facts as the earlier action.  See In re Int'l Nutronics, Inc., 28 F.3d 965, 971 (9th Cir. 1994).

Upon examination of Plaintiff's Complaint, the Court finds that the claims Plaintiff now brings are virtually identical to the claims that were previously rejected in state court.  (See #8, Ex. H.)  In state court, Brey specifically sought leave to amend his complaint to add Nevada Title as a new party and to add a claim for wrongful foreclosure.  The court however, denied his motion, stating:

> Given that Plaintiff has already had two opportunities to state cognizable claims, and failed, and that his proposed Second Amended Complaint would also fail to state cognizable claims, it would be futile for this Court to grant Plaintiff's (second) Motion to Amend the Complaint.  Therefore leave to amend will be denied.

In its ruling, the state court determined that each claim of the proposed second amended complaint failed for numerous reasons.  (#8 Ex I.)  Moreover, the Court determines that each of the claims Plaintiff brings in this action arise from the same transactional nucleus of facts as his state court action, and are therefore precluded from being brought in this subsequent action.

**B. Motion to Amend**

Under Rule 15 of the Federal Rules of Civil Procedure, "after responsive pleadings have been filed and in the absence of the adverse party's written consent, a party may amend its complaint only by leave of the court." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir.2001). The court has discretion to grant leave and should freely do so "when justice so requires." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R . Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if (1) it will cause undue delay or (2) undue prejudice to the opposing party, (3) the request is made in bad faith, (4) the party has repeatedly failed to cure deficiencies, or (5) the amendment would be futile. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiff's Proposed Amended Complaint seeks to bring new claims for wrongful foreclosure, and claims arising under TILA, RESPA, and HOEPA.  (#18 Ex A.)  Said claims however, fail to meet the standard for amendment stated above.  Specifically, Plaintiff's newly alleged claim for wrongful foreclosure fails.  "An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).  "The material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." Id.

 Plaintiff's claim for wrongful foreclosure falls short because he has failed to allege that he was not in default on his loan obligations when foreclosure proceedings were initiated.  Although

Plaintiff claims that Defendants' actions were fraudulent, malicious, and oppressive, Plaintiff does not affirmatively allege that Defendants breached a condition of the mortgage agreement sufficient to preclude foreclosure proceedings.  Thus, the Court finds Plaintiff's attempt to add a proposed claim for wrongful foreclosure is futile.

Moreover, the Court finds that Plaintiff's proposed federal claims do not meet the standard for amendment.  Specifically, the Court finds that each of the federal claims proposed in Plaintiff's Proposed Amended Complaint could have been brought in Plaintiff's earlier state action. Additionally, Plaintiff previously sought the remand of his case from this Court back to state court on the basis that "no federal claims or questions of law would be alleged." (#8 Ex. I.)  In denying Plaintiff's proposed second amended complaint in the state court action, the court stated that "Plaintiff has waived and is estopped from bringing forth any federal claim or federal question of law." (Id.)  The Court maintains this position, and accordingly orders denied Plaintiff's Motion to Amend.

**IV.  Conclusion**

Therefore, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#7) is **GRANTED**, and the lis pendens which Plaintiff filed and recorded on the subject property on or about December 23, 2009, is expunged.

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion for Leave to Amend (##17, 18) is **DENIED**.

DATED this 2nd day of September 2010

_____
Kent J. Dawson
United States District Judge

8